# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 8, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | |
| ARTHUR RENFRO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-632V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

<u>Mark Theodore Sadaka</u>, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
<u>James Vincent Lopez</u>, US Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 3, 2018, Arthur Renfro ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that as a result of the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on September 22, 2016, he suffered "vaccine-induced allergic reaction, deep vein thrombosis (DVT), chronic hematoma, chronic pain of left thumb, chronic pain of left wrist, chronic pain of left shoulder, chronic pain of left arm, nerve impingement, neuropathy, exacerbated left thumb carpometacarpal arthrosis, and depression with chronic pain." Amended Petition at Preamble (ECF No. 1); Petitioner's Exhibit 8 at 2. On January 26, 2022, the parties filed a stipulation,

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 <u>et seq.</u> (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

which the undersigned adopted as her decision awarding compensation on the same day. Decision dated Jan. 26, 2022 (ECF No. 83).

On February 11, 2022, petitioner filed an application for attorneys' fees and costs. Petitioner's Application for Attorney Fees and Costs ("Pet. Mot."), filed Feb. 11, 2022 (ECF No. 87). Petitioner requests compensation in the amount of $61,173.04, representing $50,014.00 in attorneys' fees and $11,159.04 in costs. Pet. Mot., Exhibit ("Ex.") A at 27-28. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs in pursuit of her claim for compensation. General Order #9 Statement, filed Feb. 14, 2022 (ECF No. 89). Respondent filed his response on February 15, 2022, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Feb. 15, 2022, at 2 (ECF No. 93). Petitioner filed a reply thereafter. Pet. Reply to Resp. Response, filed Feb. 14, 2022 (ECF No. 90). The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and awards a total of $61,173.04.

## I.  DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. In this case, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

### A.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her]

experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F.3d at 1521.

   i.   **Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the work of his counsel:

| Paralegal | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|---|
| Keri Congiusti | $140.00 | $145.17 | $150.55 | $156.00 | | |
| Michele Curry | | $145.17 | $150.55 | $156.00 | $163.00 | $172.00 |
| **Attorney** | | | | | | |
| Mark Sadaka | $362.95 | $376.38 | $396.00 | $405.00 | $422.00 | $444.00 |

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.

   ii.  **Reasonable Hours Expended**

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and she will award them in full.

### B. Attorneys' Costs

Petitioner requests a total of $11,159.04 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, and for work performed by petitioner's experts. Pet. Mot., Ex. B. The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $50,014.00 |
| (Total Reduction from Billing Hours) | -$ |
| **Total Attorneys' Fees Awarded** | **$50,014.00** |
| | |
| Attorneys' Costs Requested | $11,159.04 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$11,159.04** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$61,173.04** |

**Accordingly, the undersigned awards $61,173.04 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Mark Sadaka.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.